**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-183 |
| | § | C.A. No. C-05-400 |
| JOSE LUIS GONZALEZ, | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE,**
**AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Jose Luis Gonzalez's ("Gonzalez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 54),[1] which was received by the Clerk on August 11, 2005. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

As discussed in more detail herein, all of Gonzalez's claims rely on the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005), and he is not entitled to relief under Booker. Specifically, the Court concludes that Booker is not retroactively applicable on collateral review and is thus unavailable to defendants like Gonzalez whose convictions were final prior to Booker's issuance. For this reason, Gonzalez's motion is DENIED. Additionally, the Court DENIES Gonzalez a Certificate of Appealability. Finally, Gonzalez's motion to appoint counsel (D.E. 57) is also DENIED.

---

[1] Docket entries refer to the criminal case, C-03-cr-183.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On June 19, 2003, Gonzalez was charged in a single-count indictment with possession with intent to distribute approximately 11 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1). After a jury trial, the jury returned a verdict finding him guilty of the charged offense. (D.E. 23). On October 22, 2003, the Court sentenced him to 75 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. The Court also imposed a $50 fine and a $100 special assessment. (D.E. 37, 39). Judgment was entered on October 26, 2003. (D.E. 39).

Gonzalez timely appealed, and his conviction and sentence were affirmed in a *per curiam* decision issued by the Fifth Circuit on June 22, 2004. (D.E. 51). The Supreme Court denied Gonzalez's petition for certiorari on November 1, 2004. (D.E. 52; Gonzalez v. United States, 125 S. Ct. 447 (2004)(order denying petition for writ of certiorari)). Gonzalez's § 2255 motion was filed on August 11, 2005. It is timely.

In his motion, Gonzalez identifies four different grounds for relief, but all are challenges based on the holding in Booker. First, he claims that the district court sentenced him without realizing its authority to treat the sentencing guidelines as advisory, rather than mandatory. Second, he argues that Booker should be applied retroactively to him. Third, he claims that the holding in Booker resulted in structural sentencing errors because it violated his Sixth Amendment rights. Fourth, he claims that 21 U.S.C. § 841(b)(1)(A) & (B) are unconstitutional in light of Booker.

## III. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.     Availability of Relief Under Booker claim**

As noted, Gonzalez's claims are all dependent upon the Supreme Court's decision in Booker. Because this Court concludes that Booker is not retroactively applicable on collateral review, however, Gonzalez is not entitled to relief.

**1.     Booker Background**

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both it and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted. In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial.  Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a

preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. Blakely, 124 S. Ct. at 2537-38. Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases. Booker consists of two majority decisions. In the first majority opinion, authored by Justice Stevens, the Court held that Blakely applied to the federal guidelines. As with the sentencing scheme at issue in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, authored by Justice Breyer, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

### 2.       Retroactivity Analysis

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Instead, Justice Breyer's decision concerning the proper remedy simply indicates that Booker's holdings should be applied "to all cases on direct

4

review." Booker, 125 S. Ct. at 769 (emphasis added).[2]

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). Additionally, in the context of discussing whether a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated: "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review." Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). The Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion. Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively. Nonetheless, to the extent the opinion was intended to address the precise issue before the Court here,[3] it directs that Booker is not retroactively applicable.

Notably, the Padilla court's conclusion is consistent with every other federal court of appeals to have addressed the issue directly. Specifically, the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397

---

[2] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

[3] As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255. In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). Despite its broad language, the lack of any analysis suggests that it may not have been intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of § 2255's savings clause.

F.3d 479 (7th Cir. 2005) (concluding that <u>Booker</u> states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); <u>United States v. Humphress</u>, 398 F.3d 855 (6th Cir. 2005) (same); <u>Varela v. United States</u>, 400 F. 3d. 864 (11th Cir. 2005) (same); <u>Guzman v. United States</u>, 404 F.3d 139 (2d Cir. 2005) (same); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. May 17, 2005) (same); <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th Cir. 2005) (same); <u>Never Misses a Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005) (same); <u>United States v. Cruz</u>, __F.3d __, 2005 WL 2243113 (9th Cir. Sept. 16, 2005) (*per curiam*) (same).[4]

The Court agrees with the reasoning set forth in the foregoing cases. In particular, the Court concludes that the Supreme Court's decision in <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519 (2004), handed down the same day as <u>Blakely</u>, is highly pertinent to the issue of <u>Booker</u> and <u>Blakely</u> retroactivity. In <u>Schriro</u>, the Supreme Court was faced with determining whether its decision in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), could be applied retroactively on collateral review. <u>Ring</u>, like <u>Blakely</u>, applied the principles of <u>Apprendi</u>. In <u>Ring</u>, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In <u>Schriro</u>, the Court first concluded that <u>Ring</u> was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in <u>Ring</u> did not fall within any of the narrow exceptions to the general principle, as set forth in <u>Teague v. Lane</u>, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. <u>Schriro</u>, 124 S. Ct. at 2524-25. It concluded, therefore, that "<u>Ring</u> announced a new procedural rule that does not apply retroactively to cases already final

---

[4] The First Circuit has taken a slightly different approach. See <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527 (1st Cir. 2005) (holding that <u>Booker</u> claims cannot be advanced under § 2255 in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive).

on direct review." <u>Schriro</u>, 124 S. Ct. 2526.

This Court finds the reasoning in <u>Schriro</u> to be persuasive and pertinent here. Like the rule in <u>Ring</u>, the rule announced in <u>Blakely</u> (and extended to the federal guidelines in <u>Booker</u>) is a new rule of procedure, but does not fall within any of the <u>Teague</u> exceptions.

The Court recognizes, however, that <u>Schriro</u> did not address the evidentiary standard issue in <u>Blakely</u>, <u>i.e.</u>, the portion of the holding that requires facts increasing a sentence to be found beyond a reasonable doubt, rather than by a simple preponderance standard. Rather, the <u>Schriro</u> court determined the retroactivity of a rule delineating who the factfinder should be (<u>i.e.</u>, judge versus jury). Gonzalez argues that "the integrity of the fact-finding process is clearly implicated in the standard of proof" and thus is the type of "watershed" procedural rule that falls within the <u>Teague</u> exception for such rules. (D.E. 54 at pp. 70-71).

The Court disagrees. As the Seventh and Third Circuits noted in addressing <u>Booker</u>'s retroactivity, the determination of whether or not the evidentiary standard is a "watershed" rule of procedure that should be applied retroactively would be a more difficult one if only the first majority opinion existed in <u>Booker</u>. <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005). As these courts have noted, however, the remedy selected by the second <u>Booker</u> majority "held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence." <u>McReynolds v. United States</u>, 397 F.3d at 481; <u>see also</u> <u>Lloyd</u>, 407 F.3d at 615 ("It would be one thing if we were only dealing with Justice Stevens's opinion in <u>Booker</u>," but "[b]y creating an advisory federal sentencing regime, the <u>Booker</u> Court did not announce a new rule of criminal procedure that significantly increases the 'certitude' or 'accuracy' of the sentencing process.").

The McReynolds court further explained:

> As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a 'watershed' change that fundamentally improves the accuracy of the criminal process.

397 F.3d at 481. The Court finds the reasoning of Floyd and McReynolds on this point persuasive.

For all of the foregoing reasons, the Court concludes that Booker is not retroactive to cases on collateral review. Because Gonzalez's conviction became final prior to the date Booker was decided, January 12, 2005, he is not entitled to relief under Booker. Accordingly, his motion is hereby DENIED.

## C.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzalez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Gonzalez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that Booker does not apply retroactively and thus that he is not entitled to relief. Accordingly, Gonzalez is not entitled to a COA.

**D. Motion for Appointment of Counsel**

In a separate letter written entirely in Spanish (D.E. 57), and ordered translated into English by the Court (D.E. 55), Gonzalez seeks counsel to assist him in his § 2255 proceedings. Appointment of counsel in a § 2255 proceeding is required in the event that the Court determines that an evidentiary hearing is necessary. Rule 8(c), RULES GOVERNING SECTION 2255 PROCEEDINGS. The Court may also appoint counsel at another stage of the proceeding if appropriate. The Court does not believe that Gonzalez needed the assistance of counsel to proceed with his motion. Moreover, in light of the Court's denial of his motion, his motion for appointment of counsel is unnecessary. Accordingly, Gonzalez's motion for the appointment of counsel (D.E. 57) is DENIED.

## IV. CONCLUSION

For the above-stated reasons, Gonzalez's motion under 28 U.S.C. § 2255 (D.E. 54) is DENIED. The Court also DENIES him a Certificate of Appealability. Finally, Gonzalez's motion

for appointment of counsel (D.E. 57) is DENIED.

ORDERED this 30th day of September 2005.

Janis Graham Jack
United States District Judge